Good morning, your honors. Good morning. My name is Arthur Weed. I'm the attorney for the appellant, Hector Sanchez. And as the court knows, there's just one issue in this case. And what I would suggest is that the premise of my argument is that the sentence that was imposed by the district court violated Booker. In other words, what fact situation we have here, subject to a twist that I'm going to get to, is the same as what we had in Booker. And so I'll start off by reading what the sentence was, if it please the court, from the transcript, which is at page 111 of the excerpts of record, beginning at line 13, where the court says, is there any legal reason why the defendant should not now be sentenced? Defense counsel, no, your honor, the court. The court has determined that the guideline sentencing range is 188 to 235 months, based on the offense level of 36. And then he goes on to talk about downward departures and so on. Now, it is that part of the sentence that I take issue with. And because it's deceptively simple, I think it's a good idea to take a look at, go back to the basics and see what Booker actually says. Booker says, any fact other than a prior conviction, which is necessary to support a sentence exceeding the maximum authorized by the facts, established by a plea of guilty or a jury verdict, must be admitted by the defendant or approved beyond reasonable doubt. Go ahead. The difference between this situation and Booker is that the guidelines are no longer mandatory. And so the level that you had under the guidelines has been withdrawn. And you have the statutory, excuse me, statutory maximum sentence. And within that range, then it is up to the district court to impose a reasonable sentence, taking into account the guidelines as advisory and the section 355.3a factors. And that's a big difference from Booker. You haven't fully digested Justice Breyer's opinion. Oh, I don't doubt that. But let me see if I can hone in on this. Oh, I'm sure I haven't. You know, the more I look at it, the more confusing it is. It's kind of crazy. It's very strange. Yes, it is. But once it becomes advisory, I mean, everything seems to evaporate. Right. But as I say in my reply brief, there are two elements to Booker, which I suggest. The first is what Justice Breyer said in his remedial opinion part of Booker. In other words, where they saved the constitutionality of the guidelines. The other one, though, is what I'm talking about here. And this, I think, will answer everyone's question. I hope it will. In other words, is everything out the window? The answer to that is no, it isn't. Because we have to start off with the idea that any sentence beyond that which is authorized by the facts in the case, as opposed to the statutory maximum, that's what Booker says, must be supported either by an admission or a jury verdict. Now, the jury verdict in this case found that more than 50 grams of methamphetamine were involved in the sale. Which triggered a maximum statutory sentence of life, right? That's correct. But under the statute, under the facts, however, in other words, if we just take 50 grams as a fact, which has been proven beyond a reasonable doubt by virtue of the jury's verdict, then we have a maximum sentence with a level of 32 rather than 36, which would be 121 to 151 months. Which we can consider as advisory. I suggest not on that. Well, under Booker, I think if we don't consider it as advisory, then the whole sentencing guidelines are unconstitutional. That's the whole point of Booker. I mean, everybody wanted the thing changed, and then people wandered into a situation where I think most defendants could find themselves worse off than they were before. Right. Because these become advisory. But what happened here, though? Leaving Booker aside for the time being, what happened is the judge said, all right, I find that, in fact, instead of the 50 grams, which the jury found, there were 882.7 grams, which is, I'm not disputing that finding. You know, that's what the evidence was at trial, 882 grams. What I am disputing here is that the judge found this rather than the jury, and that implicates the Sixth Amendment. Booker is what Breyer said it was. I'm sorry? Booker is what Breyer said it was. Right, as far as the remedial part. But we still have this language that any fact, and here the fact I'm referring to is 882.7 grams. Any fact which is necessary to support an increased sentence, and here we're talking about a difference between a level 32 and a level 36. That fact must be proven beyond a reasonable doubt. Now, that fact was not proven in this case. It was adopted by the judge. Now, the government says that what I'm saying here is the judge can't do that. I'm not saying that at all. The judge can and should determine facts at sentencing. The problem is the way I understand it, extrajudicial fact finding in a sentencing context doesn't offend the Constitution anymore after Booker, so long as the sentence doesn't exceed the statutory maximum. That's what Ammaline says. So that's where you are. Right, and then Booker said the statutory maximum is no longer the name of the game, but rather the maximum which the facts would support. And so what I'm suggesting here in this case, and this is the entire crux of my argument, is that the maximum sentence under Booker which could have been imposed was not based on a level 36. It was not 188 to 235 months, but rather it was 128. It's life. It's life. That's the statutory maximum. Exactly. In other words, if there never had been a Booker, right, and we were back to Apprendi only, you would be absolutely correct. That's the statutory maximum. And if somehow the judge had said, okay, you're sentenced to life plus 100 years or something, that would have violated Apprendi. Have you read the Kilby decision, and how do you reconcile your argument with what Kilby says, that judicial fact finding simply isn't all that exciting anymore so long as you stay within the statutory maximum? Okay, that's a problem that we have here, because what the judge did is he said, I find that there are mitigating circumstances here, and so therefore I'm going to sentence within a range of a level 32. That's what he did. Now, what I'm saying is that he should have started with a level 32 and then applied the mitigating circumstances. You see what I'm saying? I see what you're saying. I was a district judge pre-sentencing guidelines, and so I have gone through the sentencing process where I looked at the statutory range and I looked at what the jury had decided, and then I could make decisions within that range depending upon what the jury had decided and further facts which I found in the process of sentencing. And I think in many instances that's what we have come back to, except there's more emphasis now on Section 353, whatever. Right, right, and the judge did apply those factors, and in this case he used those factors to reduce the sentence. But I still suggest, and I think this is the crux of my argument, that whatever Justice Breyer's opinion might be on the remedial aspects of Booker, nonetheless there is a second aspect which I cite in my reply brief, and that is the Sixth Amendment question. And what we have here is not a question of could there be or could there not be judicial fact-finding, but was there a Sixth Amendment violation, and I suggest that there was by virtue of the judge himself finding as a fact that 882.7 grams of methamphetamine. Counsel, are there any cases post-Booker that support your interpretation? Well, Booker itself supports it because that's what... Post-Booker, are there any Ninth Circuit cases that support your... Yes, I'm sure there are. Or even Third Circuit cases. Okay. I don't think you'll find any, but... Yes, but see, this is the same situation that we have in Booker. What happened in Booker is the same thing that happened here. In other words, the judge in Booker adopted the probation department's recommendation and said, okay, I'm increasing your sentence. What are you asking us to do? You're asking us to send this back for resentencing. That's correct. And what precisely are the instructions that you wish us to convey to the sentencing judge? That he has to start with a level 32. And then determine in his wisdom what, if any, downward departures there would be. I mean, I think I've used my time up. Could that result in a more favorable sentence or the same sentence for your client? I suggest it must result in a more favorable sentence. Now, we do have a statutory minimum here of 120 months. But the defendant got a sentence of 135 months, I believe it was. Yes, it could be very favorable to him because the judge was inclined to give him the benefit of the doubt as far as his health problems were concerned, his lack of criminal record and his age. But the judge started off with an impermissible sentence. He should not have started with a guideline of 36, although obviously this is something where reasonable minds might differ. But I do wish to stress that that appears to be exactly what Booker stood for. Unless the court had questions, I would be inclined to submit this part of it. Thank you. And reserve whatever time. Do I have any time? You don't have any time left, and we understand your argument. Okay. Thank you, Your Honor. Thank you. May it please the Court. Sean Lopey for the plaintiff, I believe, of the United States of America. I think I'd like to emphasize a few points. First, I don't think that post Booker where a judge sentences a defendant under an advisory guideline regime, there's a Sixth Amendment problem. I think that was the point of Booker making the guidelines advisory no longer triggers a Sixth Amendment violation. I think this Court said that anomaly. With regard to the distinction I think that defense counsel is trying to make about a separate statutory max. Here the statutory maximum is under the statute 21 U.S.C. 841 is life in prison. Defense appears to be arguing for a different statutory max based on a guideline sentence of level 32, 121 to 155 months. I guess my question would be what makes that a maximum? And nothing makes that a maximum because it's advisory. It's simply advisory under the guidelines. It's not a maximum. The only relevant maximum we're talking about here is under 21 U.S.C. 841, which is life. So what the District Court did here is precisely what this Court has instructed it to do, I think, several times since the sentencing in this case in Kilby Williams-Hindenburger. It applied the guidelines in an advisory fashion, calculated defendant's advisory guideline sentencing range. It then went through the 3553A factors and it ultimately sentenced the defendant. It applied, it sentenced him within the statutory maximum and defendant was ultimately sentenced within a guideline range of 121 to 155 months to 135 months. Within the guideline range even under defendant's argument, even under assuming arguendo that the at least 50 grams was all that he could be sentenced based on. He was still sentenced within that guideline range. So I believe... In applying the advisory guideline range, can the judge make findings of fact independent of jury findings as to where the guideline range starts? Yes, Your Honor. I believe, yes, he can. I believe that's what Amelian says. I think Kilby says that. What the District Court should do is that they, not jury, should resolve factual disputes applying a preponderance of evidence standard. And that's what the court did in this case. In fact, it said that even beyond reasonable doubt, the 882.7 grams of actual methamphetamine is what it found. So beyond that, if the court has any further questions for me, I would submit. It appears not. Thank you, counsel. Thank you to both counsel. The case just argued is submitted for decision by the court.
judges: Trott, Roth, Rawlinson